IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| GARY MUNSON,<br><br>Plaintiff,<br><br>vs.<br><br>HOMECOMINGS FINANCIAL, LLC, AURORA LOAN SERVICING, et al.,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER GRANTING MOTIONS TO DISMISS<br><br><br><br>Case No. 2:10-CV-664 TS |

Defendants Aurora Home Services and Mortgage Electronic Registration Systems move to dismiss the Complaint for failure to state a claim. Defendants argue that Plaintiff's theories that the trust deed note is unenforceable because it was transferred and "securitized" and that reporting defaults under the note violate the Fair Credit Reporting Act have been soundly rejected in this district.

Plaintiff's only response is to move to dismiss without prejudice.[1]

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.' ""[W]e assume the factual allegations are true and ask whether it is plausible that the plaintiff is entitled to relief.". "[T]he tenet that a court must

---

[1] Plaintiff did not file a Notice of Dismissal under Fed. R. Civ. P. 41.

1

accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[2]

The Court agrees with Defendants that the legal theories upon which Plaintiff bases his claims have been repeatedly rejected in this District.[3] Having reviewed the Complaint under the above-discussed standard, there are no facts pleaded that differentiate this case from the many cases that have been dismissed based on the rejection of those theories. Accordingly, the Court finds that dismissal with prejudice for the failure to state a claim is appropriate. It is therefore

ORDERED that Aurora Loan Services Motion to Dismiss (Docket No. 4) and Plaintiff's Motion to Dismiss (Docket No. 6) are GRANTED and the Complaint is DISMISSED WITH PREJUDICE for the failure to state a claim upon which relief can be granted.

The clerk of court shall close this case.

DATED   November 22, 2010.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[2] *Bixler v. Foster*, 596 F.3d 751, 756 (10th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) and *Gallagher v. Shelton*, 587 F.3d 1063, 1068 (10th Cir. 2009)).

[3] *E.g. Foster v. BAC Home Loan Servicing, LP,* 2010 WL 3791976, 3 (D. Utah Sept. 22, 2010) (collecting cases).